**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA**

ROBERT HARTENFELS, as          :
administrator of the Estate    :
of DEBBIE BOYD; ROBERT         :    CIVIL ACTION
HARTENFELS, as administrator   :
of the Estate of HANNAH        :    No. 1:23-cv-345-JB-B
HARTENFELS; and ROBERT         :
HARTENFELS, individually       :    Jury Trial Demanded
                               :
        Plaintiffs,            :
                               :
        vs.                    :
                               :
TREVIN PRESLEY, MIDSTAR        :
TIMBER HARVESTING INC., TAMMY  :
LUCUS, and TRIANGLE INS. CO.   :
                               :
        Defendants             :

:    :    :    :    :    :    :    :    :    :    :    :    :    :    :    :    :

**AMENDED COMPLAINT**

AND NOW COME FORTH Plaintiffs, by and through their counsel, THE LAW OFFICE OF CHARLES KANNEBECKER, and allege as against the Defendants as follows:

**JURISDICTIONAL STATEMENT**

1. At all times relevant hereto, Plaintiff ROBERT HARTENFELS was and is an adult individual and a citizen of the Commonwealth of Pennsylvania.

2. Pursuant to 28 U.S.C. § 1332(c)(2), Plaintiff ROBERT HARTENFELS, as administrator of the Estate of DEBBIE BOYD, is a citizen of the Commonwealth of Pennsylvania because Plaintiff's decedent, DEBBIE BOYD, was a citizen of the Commonwealth of Pennsylvania. (Letters of Administration appointing ROBERT

HARTENFELS Hartenfels administrator of the Estate of Debbie Boyd are attached hereto as Exhibit A).

3. Pursuant to 28 U.S.C. § 1332(c)(2), Plaintiff ROBERT HARTENFELS, as administrator of the Estate of HANNAH HARTENFELS, is a citizen of the Commonwealth of Pennsylvania because Plaintiff's decedent, HANNAH HARTENFELS, was a citizen of the Commonwealth of Pennsylvania. (Letters of Administration appointing ROBERT HARTENFELS administrator of the Estate of Hannah Hartenfels are attached hereto as Exhibit B).

4. Defendant TREVIN PRESLEY was and is an adult individual and a citizen of the State of Alabama.

5. Defendant MIDSTAR TIMBER HARVESTING INC. was and is a corporation incorporated in the State of Alabama with its principal place of business at 4524 Wimberly Road, Toxey, Alabama 36921.

6. Defendant TAMMY LUCUS was and is an adult individual and a citizen of the State of Alabama.

7. Defendant TRIANGLE INS. CO. was and is an Oklahoma insurance company with a principal place of business at 205 W. Maple, Enid, Oklahoma 73701.

8. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

## STATEMENT OF FACTS

9. At all times relevant hereto on or about May 16, 2022, Defendant TREVIN PRESLEY operated a motor vehicle owned by Defendant MIDSTAR TIMBER HARVESTING INC. eastbound on US-84 Choctaw County, Alabama.

10. At all times relevant hereto on or about May 16, 2022, Plaintiff's decedent DEBBIE BOYD operated a motor vehicle eastbound on US-84 in Choctaw County, Alabama.

11. At all times relevant hereto on or about May 16, 2022, Plaintiff's decedent HANNAH HARTENFELS was a lawful passenger in the motor vehicle operated by Plaintiff's decedent DEBBIE BOYD as the vehicle traveled eastbound on US-84 in Choctaw County, Alabama.

12. On or about May 16, 2022, at approximately Mile Post 13.7 in the eastbound lane of US-84 in Choctaw County, Alabama, the motor vehicle operated by Defendant TREVIN PRESLEY and owned by Defendant MIDSTAR TIMBER HARVESTING INC. was involved in an automobile accident with the motor vehicle operated by Plaintiff's decedent DEBBIE BOYD and occupied by Plaintiff's decedent HANNAH HARTENFELS.

13. At all times relevant hereto, US-84 in Choctaw County, Alabama was and is a public roadway.

14. On or about May 16, 2022, Plaintiff's decedent DEBBIE BOYD was attempting to turn left onto County Road 21 from US-84. Defendant TREVIN PRESLEY, driving the vehicle owned by Defendant

MIDSTAR TIMBER HARVESTING INC., failed to slow his vehicle and collided with the rear of the vehicle operated by Plaintiff's decedent DEBBIE BOYD and occupied by Plaintiff's decedent HANNAH HARTENFELS.

15. At all times relevant hereto on or about May 16, 2022, Defendant TREVIN PRESLEY was operating the aforesaid motor vehicle in a reckless, negligent and careless manner.

16. At all times relevant hereto on or about May 16, 2022, Defendant TREVIN PRESLEY, through his recklessness, negligence and carelessness, caused the motor vehicle that he was operating to collide with the vehicle operated and occupied by Plaintiff's decedents.

17. Defendant's actions as aforesaid caused Defendant's vehicle to collide with the vehicle operated by Plaintiff.

18. Defendant TREVIN PRESLEY is at fault for causing the accident of May 16, 2022, involving Plaintiff's decedents.

19. As a result of the aforementioned motor vehicle accident, Plaintiff's decedents, DEBBIE BOYD and HANNAH HARTENFELS, were killed.

20. ROBERT HARTENFELS was married to DEBBIE BOYD and was father the HANNAH HARTENFELS. TAMMY LUCAS was the sister of DEBBIE BOYD.

21. On May 16, 2022, the day of motor vehicle accident in which DEBBIE BOYD and HANNAH HARTENFELS were killed, Defendant TAMMY LUCUS contacted Plaintiff ROBERT HARTENFELS and urgently

requested that he call her back.

22. Plaintiff ROBERT HARTENFELS called Defendant TAMMY LUCUS back, and Defendant TAMMY LUCUS informed him that DEBBIE BOYD and HANNAH HARTENFELS had been killed in a motor vehicle accident.

23. At 1:00AM EST on May 17, 2022, Defendant TAMMY LUCUS again called Plaintiff ROBERT HARTENFELS and told him that she needed him to "sign some documents." She further informed Plaintiff ROBERT HARTENFELS that the owner of Defendant MIDSTAR TIMBER HARVESTING INC. had visited her to express his condolences. Defendant TAMMY LUCUS then told Plaintiff that they were "talking about big figures for settlement."

24. Defendant TAMMY LUCUS then told Plaintiff that Plaintiff had to sign certain documents, including renunciation for administration.

25. Plaintiff informed Defendant TAMMY LUCUS that he just lost his wife and daughter, he was in grief, and was not signing any documents.

26. During the following week, Defendant TAMMY LUCUS made multiple calls to Plaintiff ROBERT HARTENFELS and to ROBERT HARTENFELS' FAMILY, in an effort to get Plaintiff ROBERT HARTENFELS to respond to her. In fact, Defendant TAMMY LUCUS made so many calls to Plaintiff ROBERT HARTENFELS' family that she was told, in unequivocal terms, to stop contacting them.

27. Despite ROBERT HARTENFELS' admonition to Lucas that he had just lost his wife and daughter and that he wanted time to

grieve, and that he would not sign any forms, an attorney representing Defendant TAMMY LUCUS began calling Plaintiff ROBERT HARTENFELS regularly to have ROBERT HARTENFELS sign forms, renouncing ROBERT HARTENFELS' right to be Administrator of the Estates of his deceased wife and daughter.

28. Defendant TAMMY LUCAS and TAMMY LUCUS' attorney called Plaintiff ROBERT HARTENFELS approximately 8 to 10 times. In voicemail messages and calls, Defendant TAMMY LUCUS' attorney relayed to Plaintiff ROBERT HARTENFELS that they "needed to get together and get some paperwork signed."

29. Plaintiff ROBERT HARTENFELS never signed any paperwork to renounce his rights as the husband of DEBBIE BOYD and the father of HANNAH HARTENFELS.

30. Plaintiff ROBERT HARTENFELS traveled to Choctaw County, Alabama after the death of his wife and daughter.

31. On May 23, 2022, Plaintiff ROBERT HARTENFELS attended the memorial service of DEBBIE BOYD and HANNAH HARTENFELS.

32. Before the memorial service, Plaintiff ROBERT HARTENFELS was contacted by Defendant TAMMY LUCUS' attorney. Defendant TAMMY LUCUS' attorney again wanted to meet with Plaintiff ROBERT HARTENFELS either before or after the memorial service to discuss with Plaintiff ROBERT HARTENFELS renouncing his rights as the husband of DEBBIE BOYD and the father of HANNAH HARTENFELS so that Defendant TAMMY LUCUS could be appointed the administratrix of the respective Estates of DEBBIE BOYD and HANNAH HARTENFELS.

33. In fact, the calls had been so pervasive that ROBERT HARTENFELS' son took the phone and told the caller "We are on our way to the memorial, you have some nerve, stop calling my dad and he is hurting." Despite the above, the caller kept repeating "all I have to do is meet you for an hour before the memorial or after".

34. Once again, Plaintiff ROBERT HARTENFELS did not wish to discuss anything with Defendant TAMMY LUCUS' attorney and did not wish to sign any paperwork. Plaintiff ROBERT HARTENFELS was there only to attend the memorial service for his wife and daughter and to grieve.

35. Literally while ROBERT HARTENFELS was attending the memorial service for his deceased wife and daughter, Defendant TAMMY LUCUS once again approached Plaintiff ROBERT HARTENFELS, urging him to sign away his right to administration and to call Defendant TAMMY LUCUS' attorney.

36. Plaintiff ROBERT HARTENFELS again refused that approach and stated that he had just lost his wife and daughter, that it was not the time nor place to talk, that he was grieving and he again refused defendant Lucas's requests for him to renounce his rights as the husband of DEBBIE BOYD and the father of HANNAH HARTENFELS for Adminstration at the memorial service.

37. After the service ended, ROBERT HARTENFELS drove home to their home in Pennsylvania from the memorial service, unaware of any activity taking place behind his back.

38. However, as ROBERT HARTENFELS was driving home to Pennsylvania from the memorial service, unbeknownst to him, defendant Lucas filed for Letters of Administration on that same morning of May 23, 2022.

39. Incredibly, even though the Petition for Letters of Administration had been filed just earlier that same morning of May 23, 2022, a hearing of that application was set for 11:00 a.m. that same morning of May 23, 2022.

40. Thus, as ROBERT HARTENFELS was literally driving home from the memorial service for his deceased wife and daughter, Lucas surreptitiously filed her Petition for Letters to open an estate and to have herself appointed as administrator.

41. Further, the hearing on defendant Lucas's petition to have herself appointed Administrator was conducted at 11:00 that very same morning of May 23, 2022 without any notice to ROBERT HARTENFELS and as he was literally driving home from the memorial service for his deceased wife and child.

42. As a result, as ROBERT HARTENFELS was naively driving home to Pennsylvania, while still suffering from the horrible loss of his family, defendant Lucas was surreptitiously in court having herself appointed the Administrator of the estate of ROBERT HARTENFELS' wife and daughter, all without any knowledge or notice to ROBERT HARTENFELS.

43. Despite ROBERT HARTENFELS' not renouncing his rights as the husband of DEBBIE BOYD and the father of HANNAH HARTENFELS

defendant Lucas falsely stated that ROBERT HARTENFELS had notice of the court proceeding she had surreptitiously filed and further falsely stated that ROBERT HARTENFELS had signed a renunciation and/or waiver.

44. Pursuant to Alabama law, ROBERT HARTENFELS was the highest priority, priority #1, for Administrator of the estates. In that regard, the law provides in relevant part:

**AL Code § 43-2-42 (2019)**
**Order of grant of administration.**

(a) Administration of an intestate's estate must be granted to one of the persons herein named if the person is willing to accept and satisfactory to serve in the following order:

(1) The husband or widow.

(2) The next of kin entitled to share in the distribution of the estate.

(3) The largest creditor of the estate residing in this state.

(4) Any other person as the judge of probate may appoint.

45. In the respective petitions, Defendant TAMMY LUCUS made several misrepresentations to the Probate Court of Choctaw County, Alabama, in order to obtain Letters of Administration for the Estates of DEBBIE BOYD and HANNAH HARTENFELS that she otherwise would not have been entitled to.

46. Defendants TAMMY LUCUS misrepresented to the Probate Court of Choctaw County, Alabama, that Plaintiff ROBERT HARTENFELS was notified of the May 23, 2022, hearing before the

Probate Court of Choctaw County, Alabama.

47. In fact, Defendant TAMMY LUCUS did not notify Plaintiff ROBERT HARTENFELS of the May 23, 2022, hearing before the Probate Court of Choctaw County, Alabama, at all.

48. Even though Defendant ROBERT HARTENFELS was in Choctaw County, Alabama, on May 23, 2022; was attending the memorial for DEBBIE BOYD and HANNAH HARTENFELS on May 23, 2022; and actually saw and was approached by Defendant TAMMY LUCUS at the memorial service on May 23, 2022, Defendant TAMMY LUCUS did not inform Plaintiff ROBERT HARTENFELS that she intended to file the petition for letters of administration or that the hearing on her petition was scheduled for the same day. Instead, Defendant TAMMY LUCUS waited until Plaintiff ROBERT HARTENFELS left the memorial service to go to Court and file the petition for letters of administration.

49. Defendant TAMMY LUCUS further misrepresented to the Probate Court of Choctaw County, Alabama, that Plaintiff ROBERT HARTENFELS had signed a waiver of notice relative to the May 23, 2022, hearing before the Probate Court of Choctaw County, Alabama.

50. In fact, Plaintiff ROBERT HARTENFELS had never signed a waiver of notice relative to the May 23, 2022, hearing before the Probate Court of Choctaw County, Alabama. As previously stated, Defendant TAMMY LUCUS did not notify Plaintiff ROBERT HARTENFELS of the May 23, 2022, hearing before the Probate Court of Choctaw

County, Alabama, at all.

51. Further, Defendant TAMMY LUCUS never served Plaintiff ROBERT HARTENFELS with any notice of any kind relative to the May 23, 2022, hearing before the Probate Court of Choctaw County, Alabama.

52. The relevant docket in the Probate Court of Choctaw County, Alabama, demonstrates that ROBERT HARTENFELS was ever served with any notice and also demonstrates that ROBERT HARTENFELS Hartenfels never signed any waivers.

53. Indeed, the file demonstrates that Defendant TAMMY LUCUS filed waivers from other person but filed no such waiver from ROBERT HARTENFELS. In that regard, Lucas had been able to obtain the waivers from DEBBIE BOYD's estranged family members.

54. Further, Defendant TAMMY LUCUS misrepresented that Plaintiff ROBERT HARTENFELS and DEBBIE BOYD were divorced at the time of DEBBIE BOYD'S death. In fact, ROBERT HARTENFELS Hartenfels and DEBBIE BOYD were not divorced.

55. Further, defendant TAMMY LUCAS submitted a bill to the Administrator (Tammy Lucas) for money purportedly owned to her by DEBBIE BOYD. Defendant TAMMY LUCAS reviewed the bill TAMMY LUCAS submitted to herself and ruled that her own bill should be paid and paid herself the full amount of her claim.

56. In sum, the aforesaid demonstrate as follows:

<u>NO NOTICE TO ROBERT HARTENFELS</u>

ROBERT HARTENFELS was not given notice of any of the following:

a) Tammy Lucas' Application for Letters of Administration;

b) The hearing scheduled for Appointment of Tammy Lucas as Administrator;

c) The Grant of Letters of Administration to Tammy Lucas;

d) The Personal Injury claim Tammy Lucas made to the insurer;

e) The Personal Injury lawsuit filed by Tammy Lucas;

f) The Personal Injury settlement entered by Tammy Lucas;

g) The Release entered by Tammy Lucas;

h) Defendant Presley and Midstar Timbers Motion to Enforce Lucas's settlement with Presley and Midstar;

i) The $1,000,000.00 personal injury recovery by Lucas.

<u>MISPRESENTATIONS IN THE PETITION FOR
LETTERS OF ADMINISTRATION BY LUCAS
AS TO DEBBIE BOYD</u>

a) Lucas did not list ROBERT HARTENFELS as husband to Debbie Boyd in the Petition for Administration;

b) Lucas falsely stated that ROBERT HARTENFELS and Debbie Boyd were divorced;

c) Falsely certified that ROBERT HARTENFELS had been given notice of Lucas' Petition for Letters of Administration;

d) Falsely certified that ROBERT HARTENFELS had been given notice of the hearing on Lucas's Petition for Administration;

e) Falsely certified that ROBERT HARTENFELS had signed waiver/renunciations regarding Lucas' Petition for Letters of Administration;

f) Falsely listed that DEBBIE BOYD was a resident of Alabama;

## MISPRESENTATIONS IN THE PETITION FOR LETTERS OF ADMINISTRATION BY LUCAS AS TO HANNAH HARTENFELS

a) Falsely certified that ROBERT HARTENFELS had been given notice of Lucas' Petition for Letters of Administration;

b) Falsely certified that ROBERT HARTENFELS had been given notice of the hearing on Lucas's Petition for Administration;

c) Falsely certified that ROBERT HARTENFELS had signed waiver/renunciations regarding Lucas' Petition for Letters of Administration;

d) Falsely listed Tammy Lucas as an heir and distributee of the estate of Hannah Hartenfels;

e) Falsely listed that DEBBIE BOYD was a resident of Alabama;

57. Defendant TAMMY LUCUS also misrepresented to the Probate Court of Choctaw County, Alabama, that HANNAH HARTENFELS was an "inhabitant of Choctaw County, Alabama," at the time of her death. *See* Exhibit C.

58. HANNAH HARTENFELS was only in Alabama temporarily to complete her education and receive her teaching degree, with all intention to return to her home in Pike County, Pennsylvania.

59. Evidence that HANNAH HARTENFELS resided in Pike County, Pennsylvania, and intended to return to Pike County, Pennsylvania, to live with ROBERT HARTENFELS includes, but is not limited to:

    a.    Hannah Hartenfels maintained her Pennsylvania driver's license;

    b.    Hannah Hartenfels maintained all of her bank accounts in Pennsylvania;

    c.    Hannah Hartenfels kept her clothing and personal items in Pennsylvania;

    d.    Hannah Hartenfels purposefully continued to received her mail in Pennsylvania;

    e.    As initially indicated on the death certificate of HANNAH HARTENFELS, HANNAH HARTENFELS was a resident of Pike County, Pennsylvania.

    f.    HANNAH HARTENFELS had been commuting to school near Pike County, Pennsylvania, prior to going to Alabama with her mother DEBBIE BOYD.

    g.    HANNAH HARTENFELS intended to become a teacher and return to Pike County, Pennsylvania, to obtain a teaching job.

60. Further, Defendant TAMMY LUCUS also misrepresented that DEBBIE BOYD was an "inhabitant of Choctaw County, Alabama," at

the time of her death. *See* Exhibit D.

61. DEBBIE BOYD was temporarily located in Choctaw County, Alabama, while she attempted "clean up" her life and with all intention to return to Pike County, Pennsylvania.

62. Evidence that DEBBIE BOYD resided in Pike County, Pennsylvania, and intended to return to Pike County, Pennsylvania, to live with ROBERT HARTENFELS includes, but is not limited to:

a.   DEBBIE BOYD maintained her Pennsylvania driver's license;

b.   DEBBIE BOYD maintained all of her bank accounts in Pennsylvania;

c.   DEBBIE BOYD kept her clothing and personal items in Pennsylvania;

d.   DEBBIE BOYD purposefully continued to received her mail in Pennsylvania;

e.   DEBBIE BOYD left her birth certificate and social security card with ROBERT HARTENFELS.

f.   DEBBIE BOYD's bank statements were sent to ROBERT HARTENFELS prior to DEBBIE BOYD's death;

g.   DEBBIE BOYD left most of her personal belongings with ROBERT HARTENFELS, including photo albums, family items, and items that DEBBIE BOYD took with her when she ended her marriage to her first husband.

h.   The only reason DEBBIE BOYD maintained a physical address in Alabama was so that she could obtain internet and phone service for herself and her daughter HANNAH HARTENFELS while they were in Alabama.

i.   DEBBIE BOYD spoke with ROBERT HARTENFELS on the phone or through text messages nearly every day, including

when she would be returning to Pennsylvania;

j.    DEBBIE BOYD fully intended to return to Pike County, Pennsylvania, to live with her husband, ROBERT HARTENFELS in the future.

63. Defendant TAMMY LUCUS' actions and misrepresentations, as enumerated above, were part of an intentional and outrageous scheme to prevent Plaintiff ROBERT HARTENFELS from being appointed the administrator of the Estate of HANNAH HARTENFELS, the sole purpose of which was to allow Defendant TAMMY LUCUS to pursue a wrongful death and survival action on behalf of the Estate of HANNAH HARTENFELS for her own monetary gain.

64. Absent the aforementioned misrepresentations, Defendant TAMMY LUCUS would not have been granted letters of administration and/or appointed the administrator of the Estates of DEBBIE BOYD and HANNAH HARTENFELS because ROBERT HARTENFELS had the higher priority for appointment as being the 1st and highest priority.

65. Additionally, absent the aforementioned misrepresentations, Defendant TAMMY LUCUS would not have recovered $1,000,000.00 because ROBERT HARTENFELS had the higher priority for recovery as being the 1st and highest priority.

66. Importantly, that the defendant LUCAS repeatedly attempted to have ROBERT HARTENFELS renounce his right to administer the estate demonstrates that defendant knew ROBERT HARTENFELS was entitled to be appointed and that defendant needed his renunciation for her to serve.

67. Following Defendant TAMMY LUCUS' appointment as the administrator of the Estates of DEBBIE BOYD and HANNAH HARTENFELS, Defendant TAMMY LUCUS pursued a claim against Defendants TREVIN PRESLEY and MIDSTAR TIMBER HARVESTING INC.

68. Defendant TAMMY LUCUS did not give Plaintiff ROBERT HARTENFELS any notice that she was pursuing any claims against TREVIN PRESLEY and MIDSTAR TIMBER HARVESTING INC.

69. Defendant TAMMY LUCUS filed a wrongful death and survival action against Defendants TREVIN PRESLEY and MIDSTAR TIMBER HARVESTING INC.

70. In fact, LUCAS filed the lawsuit surreptitiously just days after ROBERT HARTENFELS had already been appointed Administrator of the Estates of DEBBIE BOYD and Hannah Hartenfels as husband and father.

71. Defendant TAMMY LUCUS did not give Plaintiff ROBERT HARTENFELS any notice that she had filed suit against Defendants TREVIN PRESLEY and MIDSTAR TIMBER HARVESTING INC.

72. Defendant TAMMY LUCUS did not have the authority to file a wrongful death and survival action against Defendants TREVIN PRESLEY and MIDSTAR TIMBER HARVESTING INC.

73. Defendant TAMMY LUCUS then signed Releases to purportedly settle the claims against Defendants TREVIN PRESLEY and MIDSTAR TIMBER HARVESTING INC. and received $1,000,000.00.

74. Defendant TAMMY LUCUS did not give Plaintiff ROBERT HARTENFELS any notice that she intended to settle, or allegedly

settled, the claims against Defendants TREVIN PRESLEY and MIDSTAR TIMBER HARVESTING INC. for $1,000,000.00.

75. Defendants herein also did not provide any notice to ROBERT HARTENFELS of defendant Presley and Midstar Timber's Motion to Enforce the purported settlement that Lucas had reached with those tortfeasors.

76. In fact, Defendant LUCAS never told, notices or even consulted with ROBERT HARTENFELS regarding the claims at all involving the death of ROBERT HARTENFELS' wife and daughter.

77. Further, despite not being the legal heir of either DEBBIE BOYD and HANNAH HARTENFELS, Defendant TAMMY LUCUS still has the $1,000,000.00 payment from Defendants TREVIN PRESLEY and MIDSTAR TIMBER HARVESTING INC.

78. Conversely, ROBERT HARTENFELS, as father of Hannah Hartenfels and husband to DEBBIE BOYD, has received $0.00 relative to the death of his daughter and wife.

79. Defendant TAMMY LUCUS did not have the authority to settle the claims against Defendants TREVIN PRESLEY and MIDSTAR TIMBER HARVESTING INC.

80. In fact, it was not until October 9, 2023, when Defendants TREVIN PRESLEY and MIDSTAR TIMBER HARVESTING INC.'s counsel told Plaintiff's counsel that the insurer for Defendants TREVIN PRESLEY and MIDSTAR TIMBER HARVESTING INC. had paid Defendant TAMMY LUCUS $1,000,000.00 as a result of the death of Plaintiff ROBERT HARTENFELS' wife and daughter.

81. Defendant TAMMY LUCUS did not give Plaintiff ROBERT HARTENFELS any notice that she was keeping the $1,000,000.00 payment from Defendants TREVIN PRESLEY and MIDSTAR TIMBER HARVESTING INC. for herself, even though she was not the legal heir of either DEBBIE BOYD or HANNAH HARTENFELS.

82. Defendant TAMMY LUCUS did not, and does not, have the authority to keep money recovered as the result of the deaths of DEBBIE BOYD and HANNAH HARTENFELS as she is not the legal heir of either DEBBIE BOYD or HANNAH HARTENFELS.

83. In sum, the aforesaid demonstrate as follows:

a) Lucas secured Letter of Administration based on misrepresentation (as detailed above.)

b) Lucas brought a Personal Injury claim to the tortfeasor defendant and their insurer without any notice to ROBERT HARTENFELS and without actual authority;

c) Lucas Filed a Personal Injury lawsuit against the tortfeasor defendants without any notice to ROBERT HARTENFELS and without actual authority;

d) Lucas entered into a settlement with the defendant without any notice to ROBERT HARTENFELS and without actual legal authority;

e) Lucan signed a Release with the tortfeasor defendants without any notice to ROBERT HARTENFELS and without actual legal authority;

f)   Lucas never notified ROBERT HARTENFELS that the
     tortfeasor defendants had motioned to Enforce the
     settlement they had reached with Lucas;

g)   Lucan received $1,000,000.00 arising from the death of
     ROBERT HARTENFELS' wife and daughter;

h)   Lucas has the money as none has been distributed
     to ROBERT HARTENFELS, who is the husband and father to
     the decedents.

**COUNT I**
**ROBERT HARTENFELS, as administrator of the Estate of DEBBIE BOYD,**
**v. TREVIN PRESLEY**

84.   Plaintiff hereby incorporates by reference the
foregoing paragraphs of this Complaint as if more fully set forth
herein.

85.   The aforesaid collision was a direct and proximate
result of Defendant TREVIN PRESLEY's careless, negligent, and
reckless operation of the aforesaid vehicle.

86.   Defendant TREVIN PRESLEY's careless, negligent and
recklessness as aforesaid consisted of the following acts and
omissions:

a.   Causing his vehicle to collide with Plaintiff's
     decedent's vehicle;

b.   Failing to have and maintain a proper lookout in the
     direction in which he was traveling;

c.   Failing to have his vehicle under proper control;

d.   Failing to operate his vehicle in a manner which would
     enable him to properly observe the roadway and to avoid
     the vehicle operated by Plaintiff's decedent;

e.   Failing to operate his vehicle to avoid inflicting injury or damage upon Plaintiff's decedent;

f.   Failing to take steps to prevent the accident of which Plaintiff complains;

g.   Failing to keep alert and attentive;

h.   Failing to keep his vehicle under control or to bring it under control or to a stop before striking Plaintiff's decedent's vehicle;

i.   Failing to apply the brakes in time to avoid the collision;

k.   Failing to adjust the operation of his vehicle in accordance with the existing circumstances and road conditions;

l.   Failing to avoid the collision complained of by slowing or stopping his vehicle as required under the circumstances;

m.   Failing to abide by the traffic laws pertaining to the operation of motor vehicles on public under the circumstances;

n.   Failing to maintain a safe and proper distance from other vehicles on the roadway, including Plaintiff's decedent's vehicle.

o.   Driving at an excessive rate of speed given then-existing road conditions;

p.   Failing to drive carefully and prudently under the circumstances;

q.   Failing to slow or stop his vehicle so as to avoid the collision complained of by Plaintiff.

r.   Violating the various statutes pertaining to the operation of motor vehicles on public thoroughfares within the State of Alabama;

s.   Driving carelessly;

t.   Failing to properly operate the braking and/or acceleration devices of the motor vehicle under the circumstances of the roadway where the accident occurred;

u.  In acting with reckless disregard for the safety of others;

v.  Failing to obey posted traffic signs, signals, and/or traffic lights;

w.  Failing to make proper observations and to be aware of his surroundings while operating a motor vehicle.

87.  Defendant TREVIN PRESLEY, through his carelessness, negligence and recklessness as aforesaid, is at fault for the accident that is the subject of this case.

88.  The accident complained of and the injuries as set forth below to Plaintiff's decedent were solely and wholly the result of the negligence, carelessness and recklessness of Defendant TREVIN PRESLEY in his operation, maintenance, and control of the aforesaid motor vehicle.

89.  As a direct and proximate result of Defendant TREVIN PRESLEY's negligence, carelessness and recklessness as aforesaid, Plaintiff's decedent died on May 16, 2022, with resulting pecuniary loss, funeral expenses, and related damages to her Estate.

90.  As a direct and proximate result of Defendant TREVIN PRESLEY's negligence, carelessness and recklessness as aforesaid, or by his failure to otherwise exercise due care and caution under the circumstances, Plaintiff's decedent was caused to suffer significant and painful injuries, was aware of her impending death, and experienced conscious pain and suffering prior to and at the time of her death as well as fear of impending death.

91.  As a direct and proximate result of Defendant TREVIN PRESLEY's negligence, carelessness and recklessness as aforesaid, or by his failure to otherwise exercise due care and caution under the circumstances, by virtue of Plaintiff decedent's death, Plaintiff's decedent was rendered unable to engage in her normal lifestyle and vocation, with Plaintiff's decedent suffering death and a complete cessation of her vocational earnings and deprivation of the economic value of her life expectancy and future loss of earning and earning capacity as a result.

92.  As a direct and proximate result of Defendant TREVIN PRESLEY's negligence, carelessness and recklessness as aforesaid, or by his failure to otherwise exercise due care and caution under the circumstances, plaintiff was caused to suffer claims damages for the expenses incurred by the decedent for medical, funeral, burial and other expenses incurred in connection therewith.

93. As a direct and proximate result of Defendant TREVIN PRESLEY's negligence, carelessness and recklessness as aforesaid, or by his failure to otherwise exercise due care and caution under the circumstances, Plaintiff suffered and claims damages for the loss suffered by the decedent of the prospective happiness and the enjoyment and pleasures of life which plaintiff's decedent would have had during the remainder of her natural life which was terminated by her death.

94. Plaintiff, individually and as Administrator of the Estate of DEBBIE BOYD, brings this action to recover damages to the estate of the decedent.

WHEREFORE, plaintiff, ROBERT HARTENFELS, as Administrator of the Estate of DEBBIE BOYD, demands judgment against the Defendant TREVIN PRESLEY, jointly and/or severally, for the full amount of damages as aforesaid and for punitive damages, together with all costs and disbursements, in an amount in excess of $75,000.

**COUNT II**
**ROBERT HARTENFELS, as administrator of the Estate of DEBBIE BOYD,**
**v. TREVIN PRESLEY**

95. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint as if more fully set forth herein.

96. ROBERT HARTENFELS, as Administrator of the Estate of DEBBIE BOYD, brings this action on behalf of the lawful survivors and/or beneficiaries of the decedent.

97. Plaintiff suffered and claims damage for pecuniary loss suffered by decedent's survivors and/or beneficiaries by reason of the wrongful death of DEBBIE BOYD, as well as reimbursement for medical bills, funeral internment expenses, and administration expenses incurred therewith.

98. As a result of the wrongful death of DEBBIE BOYD, the survivors and/or beneficiaries have been deprived of the services, guidance, love, tutelage, companionship, support,

comfort and consortium which they would have received.

WHEREFORE, plaintiff, ROBERT HARTENFELS, as Administrator of the Estate of DEBBIE BOYD, demands judgment against the Defendant TREVIN PRESLEY, jointly and/or severally, for the full amount of damages as aforesaid and for punitive damages, together with all costs and disbursements, in an amount in excess of $75,000.


**COUNT III**
**ROBERT HARTENFELS, as administrator of the Estate of DEBBIE BOYD, v. MIDSTAR TIMBER HARVESTING INC.**

99.  Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint as if more fully set forth herein.

100. That at all times relevant hereto Defendant TREVIN PRESLEY was an employee of Defendant MIDSTAR TIMBER HARVESTING INC.

101. That Defendant TREVIN PRESLEY's operation and use of the vehicle owned by Defendant MIDSTAR TIMBER HARVESTING INC. was in furtherance of his employment with Defendant MIDSTAR TIMBER HARVESTING INC.

102. That Defendant TREVIN PRESLEY's operation and use of the vehicle owned by Defendant MIDSTAR TIMBER HARVESTING INC. was acting within the line and scope of his employment with Defendant MIDSTAR TIMBER HARVESTING INC.

103. That Defendant TREVIN PRESLEY's operation and use of the vehicle owned by Defendant MIDSTAR TIMBER HARVESTING INC. was

in the accomplishment of objects within the line of his duties over which Defendant MIDSTAR TIMBER HARVESTING INC. had the right of supervision and control.

104. That the Defendant TREVIN PRESLEY's operation and use of the vehicle owned by Defendant MIDSTAR TIMBER HARVESTING INC. was for the benefit of Defendant MIDSTAR TIMBER HARVESTING INC.

WHEREFORE, plaintiff, ROBERT HARTENFELS, as Administrator of the Estate of DEBBIE BOYD, demands judgment against the Defendant MIDSTAR TIMBER HARVESTING INC., jointly and/or severally, for the full amount of damages as aforesaid and for punitive damages, together with all costs and disbursements, in an amount in excess of $75,000.

**COUNT IV**
**ROBERT HARTENFELS, as administrator of the Estate of DEBBIE BOYD,**
**v. MIDSTAR TIMBER HARVESTING INC.**

105. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint as if more fully set forth herein.

106. That at all times relevant hereto, Defendant MIDSTAR TIMBER HARVESTING INC., had the right of lawful control over the aforesaid vehicle driven by TREVIN PRESLEY.

107. That at all times relevant hereto, Defendant TREVIN PRESLEY was operating the aforesaid vehicle which was owned by Defendant MIDSTAR TIMBER HARVESTING INC. with the consent and permission of Defendant MIDSTAR TIMBER HARVESTING INC.

108. That at all times relevant hereto, Defendant MIDSTAR TIMBER HARVESTING INC. entrusted the operation and control of the motor vehicle to Defendant TREVIN PRESLEY.

109. That at all times relevant hereto, Defendant TREVIN PRESLEY was incompetent to operate or control the vehicle owned by MIDSTAR TIMBER HARVESTING INC.

110. That at all times relevant hereto, Defendant MIDSTAR TIMBER HARVESTING INC. knew or should have known that Defendant TREVIN PRESLEY was incompetent to operate or control the vehicle owned by MIDSTAR TIMBER HARVESTING INC, but nonetheless entrusted the operation and control of the motor vehicle to Defendant TREVIN PRESLEY.

111. That Defendant MIDSTAR TIMBER HARVESTING INC.'s entrustment of its vehicle to Defendant TREVIN PRESLEY created an appreciable risk of harm to Plaintiff's decedent.

112. As a direct and proximate result of Defendant TREVIN PRESLEY's negligence, carelessness and recklessness as aforesaid, Plaintiff's decedent suffered harm as aforesaid.

WHEREFORE, plaintiff, ROBERT HARTENFELS, as Administrator of the Estate of DEBBIE BOYD, demands judgment against the Defendant MIDSTAR TIMBER HARVESTING INC., jointly and/or severally, for the full amount of damages as aforesaid and for punitive damages, together with all costs and disbursements, in an amount in excess of $75,000.

**COUNT V**
**ROBERT HARTENFELS, as administrator of the Estate of DEBBIE BOYD,**
**v. MIDSTAR TIMBER HARVESTING INC.**

113.  Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint as if more fully set forth herein.

114. Defendant MIDSTAR TIMBER HARVESTING INC. negligently hired, trained, and supervised Defendant TREVIN PRESLEY.

115. The negligence, carelessness, and/or recklessness of the Defendant MIDSTAR TIMBER HARVESTING INC. individually, and by and through its various employees, servants, workers, and/or agents, including Defendant TREVIN PRESLEY, consisted of the following:

    a.   In then and there failing to properly train, monitor, and or/supervise its employees, drivers, and/or agents, including, but not limited to, Defendant TREVIN PRESLEY;

    b.   In then and there hiring and/or continuing to employ Defendant TREVIN PRESLEY despite the fact that it knew or should have known that he was not properly qualified and/or trained;

    c.   In then and there permitting Defendant TREVIN PRESLEY to operate its motor vehicles when it knew or should have known that he was not properly qualified and/or trained;

    d.   In then and there failing to train and/or properly train Defendant TREVIN PRESLEY prior to allowing him to operate its motor vehicles;

    e.   In then and there allowing Defendant TREVIN PRESLEY to operate motor vehicles in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

    f.   In then and there failing to adopt appropriate employee manuals and/or training procedures;

g.  In then and there failing to enforce its employee manuals and/or training procedures;

h.  In then and there failing to enforce both the written and unwritten policies of MIDSTAR TIMBER HARVESTING INC.;

i.  In then and there failing to ensure that its employees, drivers, and/or agents were aware of and complied with the written and unwritten policies of MIDSTAR TIMBER HARVESTING INC.;

j.  In then and there failing to implement and/or enforce an effective safety system;

k.  In then and there failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the Alabama Motor Vehicle Code;

l.  In then and there failing to ensure that its employees, drivers, and/or agents complied with the provisions of the Alabama Motor Vehicle Code;

m.  In then and there failing to ensure that its employees, drivers, and/or agents were aware of and complied with the rules, laws, and regulations pertaining to and governing the operation of commercial vehicles;

n.  In then and there failing to monitor and/or regulate its driver's actions;

o.  In then and there failing to act upon and remedy known violations of industry standards;

p.  In then and there failing to ensure that its vehicles were adequately and properly maintained;

q.  In then and there failing to ensure that its vehicles were not being operated with brakes that were out of adjustment/alignment;

r.  In then and there failing to ensure that its motor vehicles were in proper working condition;

s.  In then and there acting in conscious disregard for the rights and safety of Plaintiff's decedent;

t.  In then and there remaining consciously indifferent to the rights and safety of Plaintiff's decedent;

116. As a direct and proximate result of Defendant MIDSTAR TIMBER HARVESTING INC.'s negligence, carelessness and recklessness as aforesaid, Plaintiff's decedent suffered harm as aforesaid.

WHEREFORE, plaintiff, ROBERT HARTENFELS, as Administrator of the Estate of DEBBIE BOYD, demands judgment against the Defendant MIDSTAR TIMBER HARVESTING INC., jointly and/or severally, for the full amount of damages as aforesaid and for punitive damages, together with all costs and disbursements, in an amount in excess of $75,000.

**COUNT VI**
**ROBERT HARTENFELS, as administrator of the Estate of HANNAH HARTENFELS, v. TREVIN PRESLEY**

117. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint as if more fully set forth herein.

118. The aforesaid collision was a direct and proximate result of Defendant TREVIN PRESLEY's careless, negligent, and reckless operation of the aforesaid vehicle.

119. Defendant TREVIN PRESLEY's careless, negligent and recklessness as aforesaid consisted of the following acts and omissions:

   a. Causing his vehicle to collide with Plaintiff's decedent's vehicle;

   b. Failing to have and maintain a proper lookout in the direction in which he was traveling;

c.    Failing to have his vehicle under proper control;

d.    Failing to operate his vehicle in a manner which would enable him to properly observe the roadway and to avoid the vehicle operated by Plaintiff's decedent;

e.    Failing to operate his vehicle to avoid inflicting injury or damage upon Plaintiff's decedent;

f.    Failing to take steps to prevent the accident of which Plaintiff complains;

g.    Failing to keep alert and attentive;

h.    Failing to keep his vehicle under control or to bring it under control or to a stop before striking Plaintiff's decedent's vehicle;

i.    Failing to apply the brakes in time to avoid the collision;

k.    Failing to adjust the operation of his vehicle in accordance with the existing circumstances and road conditions;

l.    Failing to avoid the collision complained of by slowing or stopping his vehicle as required under the circumstances;

m.    Failing to abide by the traffic laws pertaining to the operation of motor vehicles on public under the circumstances;

n.    Failing to maintain a safe and proper distance from other vehicles on the roadway, including Plaintiff's decedent's vehicle.

o.    Driving at an excessive rate of speed given then-existing road conditions;

p.    Failing to drive carefully and prudently under the circumstances;

q.    Failing to slow or stop his vehicle so as to avoid the collision complained of by Plaintiff.

r.    Violating the various statutes pertaining to the operation of motor vehicles on public thoroughfares within the State of Alabama;

s.   Driving carelessly;

t.   Failing to properly operate the braking and/or
acceleration devices of the motor vehicle under the
circumstances of the roadway where the accident
occurred;

u.   In acting with reckless disregard for the safety of
others;

v.   Failing to obey posted traffic signs, signals, and/or
traffic lights;

w.   Failing to make proper observations and to be aware of
his surroundings while operating a motor vehicle.

120.   Defendant TREVIN PRESLEY, through his carelessness,
negligence and recklessness as aforesaid, is at fault for the
accident that is the subject of this case.

121.   The accident complained of and the injuries as set
forth below to Plaintiff's decedent were solely and wholly the
result of the negligence, carelessness and recklessness of
Defendant TREVIN PRESLEY in his operation, maintenance, and
control of the aforesaid motor vehicle.

122.   As a direct and proximate result of Defendant TREVIN
PRESLEY's negligence, carelessness and recklessness as aforesaid,
Plaintiff's decedent died on May 16, 2022, with resulting
pecuniary loss, funeral expenses, and related damages to her
Estate.

123.   As a direct and proximate result of Defendant TREVIN
PRESLEY's negligence, carelessness and recklessness as aforesaid,
or by his failure to otherwise exercise due care and caution
under the circumstances, Plaintiff's decedent was caused to

suffer significant and painful injuries, was aware of her
impending death, and experienced conscious pain and suffering
prior to and at the time of her death as well as fear of
impending death.

124.  As a direct and proximate result of Defendant TREVIN
PRESLEY's negligence, carelessness and recklessness as aforesaid,
or by his failure to otherwise exercise due care and caution
under the circumstances, by virtue of Plaintiff decedent's death,
Plaintiff's decedent was rendered unable to engage in her normal
lifestyle and vocation, with Plaintiff's decedent suffering death
and a complete cessation of her vocational earnings and
deprivation of the economic value of her life expectancy and
future loss of earning and earning capacity as a result.

125.  As a direct and proximate result of Defendant TREVIN
PRESLEY's negligence, carelessness and recklessness as aforesaid,
or by his failure to otherwise exercise due care and caution
under the circumstances, plaintiff was caused to suffer claims
damages for the expenses incurred by the decedent for medical,
funeral, burial and other expenses incurred in connection
therewith.

126. As a direct and proximate result of Defendant TREVIN
PRESLEY's negligence, carelessness and recklessness as aforesaid,
or by his failure to otherwise exercise due care and caution
under the circumstances, Plaintiff suffered and claims damages
for the loss suffered by the decedent of the prospective

happiness and the enjoyment and pleasures of life which
plaintiff's decedent would have had during the remainder of her
natural life which was terminated by her death.

127. Plaintiff, individually and as Administrator of the
Estate of HANNAH HARTENFELS, brings this action to recover
damages to the estate of the decedent.

WHEREFORE, plaintiff, ROBERT HARTENFELS, as Administrator of
the Estate of HANNAH HARTENFELS, demands judgment against the
Defendant TREVIN PRESLEY, jointly and/or severally, for the full
amount of damages as aforesaid and for punitive damages, together
with all costs and disbursements, in an amount in excess of
$75,000.

### COUNT VII
### ROBERT HARTENFELS, as administrator of the Estate of HANNAH HARTENFELS, v. TREVIN PRESLEY

128. Plaintiff hereby incorporates by reference the
foregoing paragraphs of this Complaint as if more fully set forth
herein.

129. ROBERT HARTENFELS, as Administrator of the Estate of
HANNAH HARTENFELS, brings this action on behalf of the lawful
survivors and/or beneficiaries of the decedent.

130. Plaintiff suffered and claims damage for pecuniary loss
suffered by decedent's survivors and/or beneficiaries by reason
of the wrongful death of HANNAH HARTENFELS, as well as
reimbursement for medical bills, funeral internment expenses, and
administration expenses incurred therewith.

131. As a result of the wrongful death of HANNAH HARTENFELS, the survivors and/or beneficiaries have been deprived of the services, guidance, love, tutelage, companionship, support, comfort and consortium which they would have received.

WHEREFORE, plaintiff, ROBERT HARTENFELS, as Administrator of the Estate of HANNAH HARTENFELS, demands judgment against the Defendant TREVIN PRESLEY, jointly and/or severally, for the full amount of damages as aforesaid and for punitive damages, together with all costs and disbursements, in an amount in excess of $75,000.

## COUNT VIII
### <u>ROBERT HARTENFELS, as administrator of the Estate of HANNAH HARTENFELS, v. MIDSTAR TIMBER HARVESTING INC.</u>

132. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint as if more fully set forth herein.

133. That at all times relevant hereto Defendant TREVIN PRESLEY was an employee of Defendant MIDSTAR TIMBER HARVESTING INC.

134. That Defendant TREVIN PRESLEY's operation and use of the vehicle owned by Defendant MIDSTAR TIMBER HARVESTING INC. was in furtherance of his employment with Defendant MIDSTAR TIMBER HARVESTING INC.

135. That Defendant TREVIN PRESLEY's operation and use of the vehicle owned by Defendant MIDSTAR TIMBER HARVESTING INC. was

acting within the line and scope of his employment with Defendant MIDSTAR TIMBER HARVESTING INC.

136. That Defendant TREVIN PRESLEY's operation and use of the vehicle owned by Defendant MIDSTAR TIMBER HARVESTING INC. was in the accomplishment of objects within the line of his duties over which Defendant MIDSTAR TIMBER HARVESTING INC. had the right of supervision and control.

137. That the Defendant TREVIN PRESLEY's operation and use of the vehicle owned by Defendant MIDSTAR TIMBER HARVESTING INC. was for the benefit of Defendant MIDSTAR TIMBER HARVESTING INC.

WHEREFORE, plaintiff, ROBERT HARTENFELS, as Administrator of the Estate of HANNAH HARTENFELS, demands judgment against the Defendant MIDSTAR TIMBER HARVESTING INC., jointly and/or severally, for the full amount of damages as aforesaid and for punitive damages, together with all costs and disbursements, in an amount in excess of $75,000.

### COUNT IX
### <u>ROBERT HARTENFELS, as administrator of the Estate of HANNAH HARTENFELS, v. MIDSTAR TIMBER HARVESTING INC.</u>

138.  Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint as if more fully set forth herein.

139. That at all times relevant hereto, Defendant MIDSTAR TIMBER HARVESTING INC., had the right of lawful control over the aforesaid vehicle driven by TREVIN PRESLEY.

140. That at all times relevant hereto, Defendant TREVIN PRESLEY was operating the aforesaid vehicle which was owned by Defendant MIDSTAR TIMBER HARVESTING INC. with the consent and permission of Defendant MIDSTAR TIMBER HARVESTING INC.

141. That at all times relevant hereto, Defendant MIDSTAR TIMBER HARVESTING INC. entrusted the operation and control of the motor vehicle to Defendant TREVIN PRESLEY.

142. That at all times relevant hereto, Defendant TREVIN PRESLEY was incompetent to operate or control the vehicle owned by MIDSTAR TIMBER HARVESTING INC.

143. That at all times relevant hereto, Defendant MIDSTAR TIMBER HARVESTING INC. knew or should have known that Defendant TREVIN PRESLEY was incompetent to operate or control the vehicle owned by MIDSTAR TIMBER HARVESTING INC, but nonetheless entrusted the operation and control of the motor vehicle to Defendant TREVIN PRESLEY.

144. That Defendant MIDSTAR TIMBER HARVESTING INC.'s entrustment of its vehicle to Defendant TREVIN PRESLEY created an appreciable risk of harm to Plaintiff's decendent.

145. As a direct and proximate result of Defendant TREVIN PRESLEY's negligence, carelessness and recklessness as aforesaid, Plaintiff's decedent suffered harm as aforesaid.

WHEREFORE, plaintiff, ROBERT HARTENFELS, as Administrator of the Estate of HANNAH HARTENFELS, demands judgment against the Defendant MIDSTAR TIMBER HARVESTING INC., jointly and/or

severally, for the full amount of damages as aforesaid and for punitive damages, together with all costs and disbursements, in an amount in excess of $75,000.

**COUNT X**
**ROBERT HARTENFELS, as administrator of the Estate of HANNAH HARTENFELS, v. MIDSTAR TIMBER HARVESTING INC.**

146.  Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint as if more fully set forth herein.

147. Defendant MIDSTAR TIMBER HARVESTING INC. negligently hired, trained, and supervised Defendant TREVIN PRESLEY.

148. The negligence, carelessness, and/or recklessness of the Defendant MIDSTAR TIMBER HARVESTING INC. individually, and by and through its various employees, servants, workers, and/or agents, including Defendant TREVIN PRESLEY, consisted of the following:

a.  In then and there failing to properly train, monitor, and or/supervise its employees, drivers, and/or agents, including, but not limited to, Defendant TREVIN PRESLEY;

b.  In then and there hiring and/or continuing to employ Defendant TREVIN PRESLEY despite the fact that it knew or should have known that he was not properly qualified and/or trained;

c.  In then and there permitting Defendant TREVIN PRESLEY to operate its motor vehicles when it knew or should have known that he was not properly qualified and/or trained;

d.  In then and there failing to train and/or properly train Defendant TREVIN PRESLEY prior to allowing him to operate its motor vehicles;

e.   In then and there allowing Defendant TREVIN PRESLEY to operate motor vehicles in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

f.   In then and there failing to adopt appropriate employee manuals and/or training procedures;

g.   In then and there failing to enforce its employee manuals and/or training procedures;

h.   In then and there failing to enforce both the written and unwritten policies of MIDSTAR TIMBER HARVESTING INC.;

i.   In then and there failing to ensure that its employees, drivers, and/or agents were aware of and complied with the written and unwritten policies of MIDSTAR TIMBER HARVESTING INC.;

j.   In then and there failing to implement and/or enforce an effective safety system;

k.   In then and there failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the Alabama Motor Vehicle Code;

l.   In then and there failing to ensure that its employees, drivers, and/or agents complied with the provisions of the Alabama Motor Vehicle Code;

m.   In then and there failing to ensure that its employees, drivers, and/or agents were aware of and complied with the rules, laws, and regulations pertaining to and governing the operation of commercial vehicles;

n.   In then and there failing to monitor and/or regulate its driver's actions;

o.   In then and there failing to act upon and remedy known violations of industry standards;

p.   In then and there failing to ensure that its vehicles were adequately and properly maintained;

q.   In then and there failing to ensure that its vehicles were not being operated with brakes that were out of adjustment/alignment;

r. In then and there failing to ensure that its motor vehicles were in proper working condition;

s. In then and there acting in conscious disregard for the rights and safety of Plaintiff's decedent;

t. In then and there remaining consciously indifferent to the rights and safety of Plaintiff's decedent;

149. As a direct and proximate result of Defendant MIDSTAR TIMBER HARVESTING INC.'s negligence, carelessness and recklessness as aforesaid, Plaintiff's decedent suffered harm as aforesaid.

WHEREFORE, plaintiff, ROBERT HARTENFELS, as Administrator of the Estate of HANNAH HARTENFELS, demands judgment against the Defendant MIDSTAR TIMBER HARVESTING INC., jointly and/or severally, for the full amount of damages as aforesaid and for punitive damages, together with all costs and disbursements, in an amount in excess of $75,000.

### COUNT XI
### ROBERT HARTENFELS v. TREVIN PRESLEY

150. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint as if more fully set forth herein.

151. At all times relevant hereto, ROBERT HARTENFELS was lawfully married to decedent DEBBIE BOYD.

152. By reason of Defendant's carelessness, negligence and recklessness in causing the aforesaid personal injuries to decedent DEBBIE BOYD, Plaintiff ROBERT HARTENFELS has suffered and continues to suffer a loss of the society, companionship, and

consortium of his wife.

WHEREFORE, plaintiff, ROBERT HARTENFELS demands judgment against the Defendant TREVIN PRESLEY, jointly and/or severally, for the full amount of damages as aforesaid and for punitive damages, together with all costs and disbursements, in an amount in excess of $75,000.

## COUNT XII
## ROBERT HARTENFELS v. MIDSTAR TIMBER HARVESTING INC.

153.  Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint as if more fully set forth herein.

154.  At all times relevant hereto, ROBERT HARTENFELS was lawfully married to decedent DEBBIE BOYD.

155.  By reason of Defendant's carelessness, negligence and recklessness in causing the aforesaid personal injuries to decedent DEBBIE BOYD, Plaintiff ROBERT HARTENFELS has suffered and continues to suffer a loss of the society, companionship, and consortium of his wife.

WHEREFORE, plaintiff, ROBERT HARTENFELS demands judgment against the Defendant MIDSTAR TIMBER HARVESTING INC., jointly and/or severally, for the full amount of damages as aforesaid and for punitive damages, together with all costs and disbursements, in an amount in excess of $75,000.

## COUNT XIII

**ROBERT HARTENFELS, as administrator of the Estate of DEBBIE BOYD; ROBERT HARTENFELS, as administrator of the Estate of HANNAH HARTENFELS; and ROBERT HARTENFELS, individually v. TAMMY LUCUS**

156.   Plaintiffs hereby incorporate by reference the foregoing paragraphs of this Complaint as if more fully set forth herein.

157. Defendant TAMMY LUCUS engaged in outrageous conduct, including intentional misrepresentation, in securing letters of administration for the Estates of DEBBIE BOYD and HANNAH HARTENFELS and being appointed the administrator of the Estates of DEBBIE BOYD and HANNAH HARTENFELS.

158. Absent the aforementioned misrepresentations, Defendant TAMMY LUCUS would not have been granted letters of administration and/or appointed the administrator of the Estates of DEBBIE BOYD and HANNAH HARTENFELS.

159. Based on her status as the administrator of the Estates of DEBBIE BOYD and HANNAH HARTENFELS (which she obtained through misrepresentation), Defendant TAMMY LUCUS received a $1,000,000.00 payment regarding the wrongful death and survivor claims arising from the untimely deaths of ROBERT HARTENFELS' wife and daughter.

160. Absent the aforementioned misrepresentations, Defendant TAMMY LUCUS would not have received $1,000,000.00 arising from the death of DEBBIE BOYD and Hannah Hartenfels.

161. The payment of, and Lucas' receipt of, the

$1,000,000.00 from the insurer of Defendants TREVIN PRESLEY and
MIDSTAR TIMBER HARVESTING INC. to Defendant TAMMY LUCUS was
improper.

162. Further, Defendant TAMMY LUCUS was not and is not the
legal heir of DEBBIE BOYD or HANNAH HARTENFELS.

163. Instead, Plaintiff ROBERT HARTENFELS, as the husband of
DEBBIE BOYD and the father of HANNAH HARTENFELS, is the legal
heir of DEBBIE BOYD and HANNAH HARTENFELS.

164. Despite not being the legal heir of either DEBBIE BOYD
or HANNAH HARTENFELS, Defendant TAMMY LUCUS has the $1,000,000.00
payment from the insurer of Defendants TREVIN PRESLEY and MIDSTAR
TIMBER HARVESTING INC.

165. While still disavowing the purported settlement reached
by Lucas, any payment from any source arising from the death of
his wife a daughter, belongs to Plaintiff ROBERT HARTENFELS, as
the husband of DEBBIE BOYD and father of HANNAH HARTENFELS, and
not Defendant TAMMY LUCUS.

166. As a result, Defendant TAMMY LUCUS' possession of the
$1,000,000.00 payment arising from the death of ROBERT HARTENFELS
wife and daughter is unjust and improper.

WHEREFORE, the Plaintiffs respectfully request that the
Court enter an Order:

(a)   requiring disgorgement of all monies paid to Defendant
      TAMMY LUCUS to Plaintiff ROBERT HARTENFELS relative to
      the deaths of DEBBIE BOYD and HANNAH HARTENFELS;

(b)   directing restitution to ROBERT HARTENFELS for all
      monies received by Defendant TAMMY LUCUS relative to

the deaths of DEBBIE BOYD and HANNAH HARTENFELS;

(c)   attorneys fees and costs;

(d)   pre-judgment and post-judgment interest; and

(e)   such other relief as the Court deems proper.

### COUNT XIV

### ROBERT HARTENFELS, as administrator of the Estate of DEBBIE BOYD; ROBERT HARTENFELS, as administrator of the Estate of HANNAH HARTENFELS; and ROBERT HARTENFELS, individually v. TRIANGLE INS. CORP.

167. Plaintiffs hereby incorporate by reference the foregoing paragraphs of this Complaint as if more fully set forth herein.

168. For the aforementioned reasons, the payment of the $1,000,000.00 from the TRIANGLE INSURANCE to Defendant TAMMY LUCUS was improper and does not limit Plaintiff's claims against the defendants.

169. Defendant TRIANGLE INSURANCE knew ROBERT HARTENFELS had been appointed Administrator of the Estates of DEBBIE BOYD and HANNAH HARTENFELS before TRIANGLE INSURANCE entered into a Release with, and paid $1,000,000.00 to, DEBBIE BOYD.

WHEREFORE, the Plaintiffs respectfully request that the Court enter an Order:

(a)   Certifying that $1,000,000.00 in coverage is still available to Plaintiff ROBERT HARTENFELS

(b)   Recover the funds paid out to Lucas so as not to dissipate the funds available to cover ROBERT

HARTENFELS claims;

(c)    Attorneys fees and costs;

(d)    Such other relief as the Court deems proper.


Respectfully Submitted,


_____/s/_____
Charles Kannebecker, Esq.
The Law Office of Charles Kannebecker
104 W. High St.
Milford, PA 18337
*Attorney for Plaintiffs*
*Admitted Pro Hac Vice*


_____/s/_____
T. Randall Lyons, Esq.
Maloney-Lyons LLC
601 Government Street
Mobile, Alabama 36602
*Attorney for Plaintiffs*